UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID THOMPSON,<br>CDCR #AU-9252,<br><br>                                      Plaintiff,<br><br>vs.<br><br>E. TABOADA, RJDCF Litigation Coordinator; M. FREDERICK, RJDCF Correctional Counselor (CCI); DOES 1–10, Mailroom Employees; CDCR,<br><br>                                      Defendants. | Case No.: 25-cv-01921-AJB-SBC<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY RELIEF AGAINST AN IMMUNE DEFENDANT PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**<br><br>[Doc. No. 2] |

Plaintiff David Thompson, who is proceeding *pro se* and now incarcerated at the Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), together with a motion to proceed *in forma pauperis* ("IFP") (Doc. No. 2). Plaintiff claims a Litigation Coordinator, Correctional Counselor, ten unidentified mail room employees, and the California Department of Corrections and Rehabilitation ("CDCR") violated his First and Fourteenth Amendment rights in May 2024 while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (*See* Doc. No. 1 at 2–5.)

For the reasons explained below, the Court **GRANTS** Plaintiff leave to proceed IFP, but **DISMISSES** his complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because it fails to state a claim upon which § 1983 relief can be granted and seeks monetary relief against a defendant who is immune.

## I.    IFP MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 14051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)–(2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1119 (9th Cir. 2005). Using this financial information, the court "shall assess and when funds exist, collect, . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his IFP motion, Plaintiff has submitted a copy of his CDCR Inmate Trust Account Statement Report as well as a prison certificate authorized by a CSATF accounting officer. (*See* Doc. No. 2 at 4; 6–10.) *See also* S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff maintained an $8.38 average monthly balance, and had $7.93 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his complaint. At the time of filing, however, Plaintiff's available balance was only $1.40. (*See* Doc. No. 2 at 4, 7.)

Based on this showing, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $1.67 pursuant to 28 U.S.C. § 1915(b)(1), but **DIRECTS** the Secretary of CDCR to collect this initial partial fee on the Court's behalf only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The CDCR must thereafter collect the full balance of the $350 total fee owed in this case and forward payments to the

Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

## II.     SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) & 1915A(b)

### A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his pleading requires a preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) together require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts . . . to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally

and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citation omitted), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Factual Allegations

Plaintiff claims a questionnaire from AVA Law Group that included "highly sensitive personal information" related to "the Boy Scouts of America sexual abuse case," was mailed to him while he was incarcerated at RJD in May 2024, but was "lost by prison staff." (Doc. No. 1 at 3.) Plaintiff alleges Defendant Taboada, RJD's Litigation Coordinator, "refused to assist" in helping locate the lost mail, and he never received it. (*Id.*) "As a result, AVA had to sign and submit the questionnaire on [his] behalf." (*Id.*)

Plaintiff filed a CDCR 602 inmate grievance requesting $100,000 in compensation for the lost mail on July 22, 2024, but did not receive a response within 60 days. (*Id.*) When he inquired about the status of his grievance, he claims Correctional Counselor Frederick replied: "I ain't doing shit for you." (*Id.*) Plaintiff contends his grievance remains unanswered, and he now seeks $200,000 in compensatory and punitive damages against the CDCR, Taboada, Frederick, and ten unidentified RJD mailroom employees based on "possible retaliation" and alleged deprivations of his rights to due process and access to the courts pursuant to 42 U.S.C. § 1983. (*Id.* at 4–5.)

### C. Discussion

The Court has reviewed Plaintiff's complaint and for the reasons explained below, finds that it fails to state a plausible claim for relief and seeks monetary relief against an immune defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1), (2). *See Watison,* 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121, 1123.

#### 1. CDCR

First, to the extent Plaintiff seeks to sue the CDCR as the "public entity responsible for the supervision of its employees and agents" (Doc. No. 1 at 2), his claims are subject to dismissal because he seeks monetary relief from a defendant who is immune. *See* 28

U.S.C. §§ 1915(e)(2)(B)(iii); 1915A(b)(2).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a § 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

### 2. Mail Claims Involving Unidentified Does

Second, to the extent Plaintiff names Does 1–10 as parties, but summarily asserts only that these unidentified persons are RJD mail room employees he infers were responsible for "mishandling" his mail (Doc. No. 1 at 2), he fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b)(1).

The use of fictitiously named or "Doe" defendants is generally not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted). To successfully state a claim for relief, Plaintiff must identify each Doe defendant individually (*e.g.*, Doe 1, Doe 2, etc.) and explain the specific actions taken by each defendant that deprived him of his constitutional rights. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights."). "A plaintiff may refer to

unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Keavney v. Cnty. of San Diego*, Case No.: 3:19-cv-01947-AJB-BGS, 2020 WL 4192286, at *4 (S.D. Cal. July 21, 2020). Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir.1995). However, the right is not absolute and may be infringed upon by prison officials under certain circumstances. *Id.*; *Barrett v. Belleque,* 544 F.3d 1060, 1062 (9th Cir. 2008) (*per curiam*) (outgoing mail); *Prison Legal News v. Lehman,* 397 F.3d 692, 699 (9th Cir. 2005) (incoming mail).

Plaintiff claims only that unidentified members of RJD's "prison staff" either failed to deliver or lost mail addressed to him from AVA Law Group on a single occasion in May 2024. (Doc. No. 1 at 3.) But isolated instances of interference with mail without further allegation or evidence of improper motive are insufficient to state a constitutional claim. *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989) (negligent mishandling of inmate mail insufficient to state a constitutional claim); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation); *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003) (same); *see also Turner v. Gibson*, No. 1:11-CV-01395-GBC PC, 2012 WL 439418, at *3 (E.D. Cal. Feb. 9, 2012).

Moreover, Plaintiff seeks to hold Does 1–10 liable simply because they are "mail room employees." (Doc. No. 1 at 2.) He fails to specify what any of the Does either did or failed to do to cause unconstitutional harm, however. Therefore, he fails to state any claim for relief against any of them. *See Iqbal*, 556 U.S. at 678; *see also Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988) (finding that the focus for § 1983 claims must be on the "individual defendant," and his individual "duties [and] discretion"); *Williams v. Cnty. of Los Angeles Dep't of Pub. Soc. Servs.*, Case No. CV 14-7625 JVS (JC), 2016 WL 8730914, at *5 (C.D. Cal. May 2, 2016), *report and recommendation adopted*, No. CV 14-7625 JVS (JC), 2016 WL 8737230 (C.D. Cal. May 20, 2016) ("Conclusory allegations that an

indistinguishable group of defendants essentially engaged in identical misconduct . . . are insufficient to show that plaintiff is entitled to relief from any *individual* defendant."). Put another way, a complaint like Plaintiff's "which 'lumps together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirements of Rule 8(a)(2).'" *Adobe Sys. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (quoting *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996)).

In sum, regardless of the constitutional basis asserted for Plaintiff's lost mail claims, he has failed to plead a plausible claim for relief against any individual mail room employee. "[E]ach Government official . . . is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. "[A] plaintiff c[an] not hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2022). To properly state any claim for relief under section 1983, the plaintiff must plead facts showing how each of the named defendants "personal[ly] participat[ed] in the alleged rights deprivation." *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Thus, because Plaintiff fails to "set forth specific facts as to each individual [mail room employee's] deprivation of his rights," *Leer*, 844 F.2d at 634; *Iqbal*, 556 U.S. at 678, his complaint requires *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) with respect to Does 1–10.

### 3. Access to Courts

Third, Plaintiff also fails to allege facts sufficient to state an access to courts violation against Defendant Taboada. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). Specifically, Plaintiff claims Taboada "refused to assist" in delivering the legal questionnaire AVA Law Group had mailed to him for completion, and instead said she "was not going to drop everything she [wa]s doing to help." (*See* Doc. No. 1 at 3.)

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v.*

*Harbury*, 536 U.S. 403, 412–15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference"), *overruled on other grounds as recognized by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351–53; *Silva,* 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Here, Plaintiff must allege Defendant Taboada's refusal to assist in the delivery of a legal questionnaire sent to him from a law firm for submission in "the Boy Scouts of America sexual abuse case," caused him actual injury in the pursuit of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413–14. The nature and description of the underlying claim must be set forth in his pleading "as if it were being independently pursued." *Id.* at 417. However, Plaintiff does not describe his role in the Boy Scouts case, explain the significance of the questionnaire mailed to him, and critically does not allege he was actually injured or prejudiced with respect to that litigation due to its failed delivery. *See id.* In fact, Plaintiff admits that while he "never received this legal mail," AVA Law Group *was* able to "sign and submit the questionnaire on [his] behalf." (*See* Doc. No. 1 at 3.) Thus, Plaintiff fails to include any "factual matter" to show how or why Defendant Taboada's refusal to assist in the delivery of any particular piece of mail caused him to suffer any "actual prejudice," "such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678. This is fatal to the viability of any access to courts violation. *See Alvarez,* 518 U.S. at 1155 n.1.

### 4. Grievance-Processing & Retaliation

Finally, Plaintiff alleges Correctional Counselor Frederick violated his First and Fourteenth Amendments rights by refusing to inquire into the status of his CDCR 602 inmate grievance requesting $100,000 in compensation for the lost questionnaire. (*See* Doc. No. 1 at 3–5.) Plaintiff contends the failure to "provide a timely or truthful response to [his] grievance" violated his right to due process and Frederick's "hostile comment" shows "possible retaliation." (*Id.* at 4–5.)

Although prisoners have a First Amendment constitutional right to petition for redress via institutional grievance procedures the prison may afford, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), they do not have a protected liberty or property interest in the ways in which their grievances or appeals are processed or resolved. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates do not have a separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted)); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process"; the defendants could not be held liable under § 1983 for denying an inmate appeal (citing *Ramirez*, 334 F.3d at 860)). In other words, although there is a right to petition government for redress of grievances, "there is no right to a response or any particular action." *Yelenich v. Cate*, No. C 09-5073 PJH PR, 2011 WL 1100124, at *2 (N.D. Cal. Mar. 23, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) ("[A] prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.")).

Therefore, to the extent Plaintiff claims his lost mail grievance was "missing [a] response," "time expired," and went "unanswered despite multiple follow-up requests," he fails to state a due process claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Montoya v. Mattice-Harris*, No. 3:22-cv-00558-ART-CSD, 2023 WL 5023394, at *4 (D. Nev. Jan. 23, 2023) ("Because there is no right to any

1  particular grievance process, it is impossible for due process to have been violated by
2  ignoring or failing to properly process grievances."); *Gallegos v. Murray*, No. CV 18-9505-
3  CJC (E), 2019 WL 6729689, at *3 (C.D. Cal. Jan. 14, 2019) (holding that "Plaintiff's
4  claims based on alleged mishandling or discarding of grievances are legally insufficient"
5  because "inmates lack a separate constitutional entitlement to a specific prison grievance
6  procedure") (quoting *Ramirez*, 334 F.3d at 860).

7       Plaintiff also fails to allege a plausible retaliation claim for relief against CCI
8  Frederick. Allegations of retaliation against a prisoner's First Amendment rights to speech
9  or petition for redress may support a § 1983 claim. *Rizzo v. Dawson,* 778 F.2d 527, 532
10 (9th Cir.1985); *see also Valandingham v. Bojorquez,* 866 F.2d 1135 (9th Cir. 1989); *Pratt*
11 *v. Rowland,* 65 F.3d 802, 807 (9th Cir. 1995). However, when a prisoner brings a First
12 Amendment retaliation claim, he must assert factual allegations sufficient to show: "(1) 'a
13 state actor took some adverse action . . . (2) because of (3) [the] prisoner's protected
14 conduct, . . . that such action (4) chilled [his] exercise of his First Amendment rights, and
15 (5) the action did not reasonably advance a legitimate correctional goal.'" *Shepard v.*
16 *Quillen*, 840 F.3d 686, 688 (9th Cir. 2016) (alterations in original) (quoting *Rhodes v.*
17 *Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted)).

18      Here, Plaintiff's entire basis for a "possible retaliation" claim is that Frederick made
19 a "hostile comment" in response to his inquiries about the status of his grievance. (*See* Doc.
20 No. 1 at 3, 5.) The filing of a grievance is protected conduct. *Rhodes*, 408 F.3d at 568;
21 *Watison*, 668 F.3d at 1114. But Plaintiff fails to explain how Frederick's stated refusal to
22 "do[] shit for [him]" (*see* Doc. No. 1 at 3), threatened him with any harm, caused him to
23 suffer adverse action, or "would chill or silence a person of ordinary firmness from future
24 First Amendment activities." *Rhodes*, 408 F.3d at 568 (cleaned up); *Watison*, 668 F.3d at
25 1114. Moreover, even assuming Frederick's comment was adverse and chilling, Plaintiff
26 does not further allege Frederick refused to inquire into the status of his grievance *because*
27 Plaintiff had engaged in protected conduct, *i.e.*, that he filed the grievance in the first place.
28 *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) ("[A] plaintiff

alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision.") (citation omitted). "When the causation element of *Rhodes* is combined with the pleading requirements of *Iqbal*, it is apparent that to state a retaliation claim a prisoner must plead sufficient facts to make plausible a claim that the defendants' actions were motivated by a desire to retaliate for his exercise of a constitutional right, rather than by some other motive." *Clinton v. Allison*, No. 3:23-CV-01471-CAB-SBC, 2024 WL 1859956, at *9 (S.D. Cal. Apr. 29, 2024) (citing *Yelenich v. Cate*, No. C 09–5073 PJH, 2011 WL 1100124, at *2 (N.D. Cal. Mar. 23, 2011)).

Retaliation claims cannot rely solely on an adverse activity following protected speech. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (explaining that a retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'" (citation omitted)). The mere "fact that grievances submitted by Plaintiff were denied or ignored does not mean that this was done *in retaliation* for Plaintiff's exercise of his First Amendment right to file grievances. Retaliatory animus cannot simply be assumed." *Washington v. Luna*, No. 2:23-CV-09406-CBM-MAA, 2025 WL 1994572, at *14 (C.D. Cal. May 27, 2025), *report and recommendation adopted sub nom. Washington v. Cnty. of Los Angeles*, No. 2:23-CV-09406-CBM (MAA), 2025 WL 1994012 (C.D. Cal. July 15, 2025). "To infer from the mere denial of a grievance that the grievance was denied in retaliation for the fact that the grievance was filed would mean that, in practice, no grievance could ever be denied, because the mere fact of denial would give rise to a First Amendment claim for retaliation." *Id.* at *14.

Therefore, the Court finds Plaintiff's conclusory and speculative allegations that Frederick's comments were "possible retaliation" (*see* Doc. No. 1 at 5), are simply insufficient to sustain any viable claim for relief. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient."); *Peoples v. Schwarzenegger*, 402 F. App'x 204, 205 (9th Cir. 2010) (affirming

dismissal of plaintiff's "retaliation claim because his conclusory allegations did not connect any defendant's alleged misconduct with the alleged infringement of his First Amendment rights").

### III.    CONCLUSION

For the reasons discussed, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2.  **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $1.67 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in his account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, via U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4.  **DISMISSES** Plaintiff's complaint *sua sponte* and in its entirety based on his failure to state a claim upon which § 1983 relief can be granted and for seeking monetary damages from a defendant who is immune pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii); 1915A(b)(1), (2); and

5.  **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint which cures all the deficiencies of pleading noted. Plaintiff's amended complaint must be complete by itself without reference to his original pleading. Any Defendant not named and any claim not re-alleged in his amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended

1  pleading may be "considered waived if not repled.").

2      If Plaintiff fails to file an amended complaint within 45 days, the Court will enter a final Order dismissing this civil action based on his failure to state a claim upon which relief can be granted and for seeking monetary relief against a defendant who is immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and for failing to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: October 28, 2025

                                        Hon. Anthony J. Battaglia
                                        United States District Judge